UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRADEWINDS ENVIRONMENTAL RESTORATION, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-00593** |
| **ST. TAMMANY PARK, LLC, ET AL.** | **SECTION: "J" (4)** |

**ORDER**

Before the Court is a **Motion to Quash Deposition and/or for Protective Order (R. Doc. 124)** and a **Motion to Expedite Hearing (R. Doc. 119)** on the motion to quash, filed by the Defendant, St. Tammany Park, LLC ("St. Tammany"). Thereafter, Third-Party Defendant, Colony Insurance Co. ("Colony") filed a Memorandum in Response to Motion to Quash Depositions and/Or for Protective Order (R. Doc. 120), in support of St. Tammany's position. Given that the discovery deadline has since passed and trial is imminent, the Court grants St. Tammany's motion for expedited relief, and considers the merits of St. Tammany's motion below.

**I.     Background**

This matter arises from a breach of contract between the Plaintiff, Tradewinds Environmental Restoration, Inc. ("Tradewinds"), and St. Tammany. (R. Doc. 1.) Tradewinds is engaged in the business of remediation, restoration, and emergency response and entered into an agreement with St. Tammany to perform such emergency remediation services for the damages caused by Hurricane Katrina on 28 Park Place, Covington, Louisiana. (R. Doc. 1.) St. Tammany owns the subject

property. (R. Doc. 1.)

Tradewinds contends that it performed emergency services on the property and billed St. Tammany a total of $245,440.94 for the work that it performed pursuant to their agreement. (R. Doc. 1.) However, Tradewinds asserts that St. Tammany only paid $90,000.00, leaving an unpaid balance of $155,440.94. (R. Doc. 1.) From these circumstances arises Tradewinds's subject lawsuit, in which Tradewinds sues St. Tammany, seeking to recover damages for the alleged breach of contract. (R. Doc. 1.)

On February 8, 2008, Tradewinds initiated an email exchange with opposing counsel regarding Tradewinds's desire to take various depositions. (R. Doc. 124-3, Ex. B.) However, based on the content in the emails, St. Tammany was unable to contact all of the witnesses and learned that the witnesses would be unavailable to be deposed before the discovery deadline. (R. Doc. 124-3, Ex. B.) Nevertheless, on February 11, 2008, Tradewinds noticed depositions of the individuals (1) Brian D. Campbell, (2) Brian S. Campbell, and (3) Rusty English, and the organization, (4) St. Tammany, to begin at 10:00 a.m. on February 13, 2008. (R. Doc. 124-2.) St. Tammany maintains that the Campbells are non-parties.

St. Tammany brings the subject motion contending that Tradewinds did not provide reasonable notice of the depositions as required by the Federal Rules of Civil Procedure ("Rules"). St. Tammany notes that this case bas been pending for several years, and Tradewinds has had nine (9) months to depose the requested witnesses based on the primary claim and four (4) months after St. Tammany's counterclaim, but rather noticed four depositions for the last day of discovery. St. Tammany further contends that the deposition for St. Tammany does not comply with Rule 30 because it does not describe with particularity the matters for examination, so that St. Tammany can

designate the appropriate person to testify on its behalf.  Finally, it argues that the requested depositions will not lead to the discovery of admissible evidence because United States District Judge granted a motion for summary judgment filed by St. Tammany, limiting Tradewinds's recovery to its actual costs for materials, services, and labor and precluding its recovery on the contract.  Therefore, any information sought from these St. Tammany individuals is irrelevant to the remaining claim.

## II.      Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.  Hebert v. Lando, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." Coleman v. American Red Cross, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 30 governs the taking of depositions and permits a party to "take the testimony of any person, including a party, by deposition upon oral examination."  Depositions play "a vital role in the preparation for trial."  Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616 (5th Cir. 1977). Furthermore, courts regard oral depositions as a means preferable to written interrogatories of obtaining discoverable information.  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 n. 2 (2d Cir. 2003).  Under Rule 30, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).

**III.     Analysis**

Previously, this Court has found that depositions noticed a mere four business days before the witnesses would be required to appear for depositions is insufficient to comply with the "reasonableness" requirement in Rule. *Auto Club Family Ins. v. Provosty*, No. 05-6482, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006).  Here, Tradewinds effectively provided one business day of notice to the Defendants regarding the three depositions.  While counsel for Tradewinds emailed counsel for St. Tammany regarding the prospective taking of the depositions on February 8, 2008, he provided formal notice of the depositions at approximately 3:13 p.m. on Monday, February 11, 2008, near the end of the business day, for depositions to be taken starting at 10:00 a.m. on Wednesday, February 13, 2008.  The Court concludes that this is clearly insufficient notice of the three depositions and therefore, the depositions must be quashed on this basis alone.  Furthermore, the Court notes that the discovery deadline has passed in this matter.  Therefore, the Court need not address St. Tammany's alternative arguments for quashing the depositions or for a protective order regarding the subject matter of the depositions.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that St. Tammany's **Motion to Expedite Hearing (R. Doc. 119)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Motion to Quash Deposition and/or for Protective Order (R. Doc. 124) is GRANTED**.

New Orleans, Louisiana, this <u>14th</u> day of February 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**